### JOHN MURPHY VS. LEM SCOTT, SHERIFF, ET AL.

FARMER, J. A party may proceed *by rule* against the sheriff and his sureties, for failure to return a writ of *fi. fa.* within the time prescribed by law. 13 An. 330.

2. The law seems to make the liability of the sheriff for plaintiff's debt, absolute and imperative, when he fails to return the writ; but the apparent rigor of the law has been modified by jurisprudence, and it is now well settled that the sheriff may prove a legal excuse for not returning the writ on the return day, such as the instructions of the plaintiff, or the impossibility of executing the same, or he may show that the plaintiff was not damaged by the failure to execute and return the writ on the return day. 2 R.

291; 2 An. 370, 410; 3 An. 622; 9 An. 508; 10 An. 128, 744; 11 273; 12 An. 81, 174, 420; 13 An. 153; 19 An. 467; 21 An. 590; 30 An. 1129.

3. The burden of proof is placed upon the sheriff to make good his defences where he delays to return the writ beyond the return day fixed therein.

4. Where it is proved that the deputy sheriff diligently and industriously endeavored to execute the writ shortly after it was issued, that no property was found and none pointed out by plaintiff's attorney, that the judgment debtor had left the country never to return, and that the sheriff would have returned the writ immediately after learning these facts, but that plaintiff's attorney told him to hold the writ a while longer, no damage can be recovered from the sheriff for neglecting to return the writ. He has shown that his failure resulted in no injury to plaintiff.